### GEORGE TYLER vs. GEORGE WHITNEY.

On the decease of either party in a suit pending, where by law the cause of action survives, the executor or administrator must enter at the next term of the court after his appointment, or it will be an abandonment of the suit. If the opposite party wish to compel the appearance of such personal represen. tative for the purpose of obtaining judgment against the estate, he must serve a scire facias for that purpose returnable at the next term after the appoint. ment of such personal representative, or he cannot compel such appearance.

This was a writ of *scire facias*, sued by the plaintiff against the defendant as administrator *de bonis non* of Roswell Butler deceased, requiring him to show cause why he should not be compelled to enter and prosecute to final judgment a suit commenced by his intestate against the present plaintiff, and which was pending at the time of his decease, in the county court for this county, the cause of action being one which by law survives in favor of the personal representative.

The defendant pleaded in bar of the process, in substance, that after the decease of Butler, his executors voluntarily entered and prosecuted the suit until their power was annulled by the decree

of the probate court in the month of March 1833 ; that at this time the defendant was by the probate court appointed administrator *de bonis non* on the estate ; that these facts were then known to the plaintiff in this writ; that the defendant declined to enter and prosecute the suit of his intestate and that no preceedings were had therein, until the August term of said court, 1833, when this writ was served and returned, *two terms* of said court, having intervened between defendants appointment and the service of the writ of *scire facias*.

CHITTENDEN,
January,
1836.

George Tyler
*vs.*
Geo. Whitney.

To this plea there was a general demurrer and joinder, and judgment for defendant and exceptions.

*Mr. Upham for the plaintiff*,—Contended that by the 61 section of the probate act of 1821, *the time for sueing a scire facias* to *compel* the executor or administrator to appear and prosecute or defend the suit of his testator or intestate, is not restricted to the *next term* after the appointment, but is to be allowed within any *reasonable time;* and while the suit still continues upon the docket of the court, and no steps have been taken by the executor or administrator to discontinue the suit, it is not competent for the court to refuse the *scire facias*.

*Mr. C. Adams for the defendant*,—Contended, that as the statute gave the executor or administrator leave to enter at the *next* term after his appointment, if he omitted to enter, it was an abandonment of the suit ; that the statute *in terms* limited the right of the opposite party to serve a *scire facias* and compel the executor or administrator to enter, to the *same time*, i. e. the *next* term after the appointment, and it could not by any possible construction be extended farther than to the term *next after the* executor or administrator had neglected to enter. That to extend it farther will be making it a mere matter of discretion with the court when the suit is pending, and in no sense subject to the supervision, correction or control of higher tribunals.

The opinion of the court was delivered by

REDFIELD, J.—At common law the death of either party operated a discontinuance of the suit, whether the cause of action did or did not survive.

To remedy this inconvenience, expense and delay, it is provided by statute in this state, that whenever the cause of action by law survives the decease of the person, the personal representative *may*, at the next term after his appointment, "enter, and prosecute or defend such suit to final judgment." The terms of the enactment are, " shall have power to enter" &c. It is most manifestly

left, at his election to enter and prosecute or defend the suit or to abandon it. If he do not enter at the *next* term after his appointment, he is not at liberty to appear and enter at any subsequent term. The *neglect* is *ipso facto*, an abandonment of the suit, and so far as the executor or administrator is concerned is a discontinuance.

But upon the suggestion of the death of either party, and no executor or administrator having been appointed, the cause is continued of course, until one be appointed.

And when there has been an appointment of such personal representative, it is by the same section of the statute provided that the surviving party may compel on appearance by *scire facias*, or in default of appearance, obtain judgment against the estate of the deceased party. The question then arises, and it is the only question to be decided in this case, when must the surviving party cause *this scire facias* to be served upon the executor or administrator? It is apparent, that he may do it at the next term after the appointment of such executor or administrator. For the right to sue the *scire facias* is not, by the statute, in any sense, dependent upon the *neglect* of the personal representative to appear. The right of the surviving party to sue the *scire facias* and thus compel an appearance; and the "power" of the executor or administrator voluntarily to appear are independent of each other, and concurrent both in their character and in time.

But it is contended that the statute has not limited the time for suing the *scire facias*. It has not in express terms. And it is only by implication that any writ of *scire facias* is given to the surviving party. The statute after providing that the executor or administrator "shall have power to enter" &c. "at the *next term* after his appointment," proceeds: " And if such executor or administrator, *after having been duly served with a scire facias*, issued from the court, to or in which such suit is commenced or pending, twelve days before the session thereof, shall neglect to become a party to such suit, such court may render judgment against the estate," &c. This clause following so immediately upon the former provision, and containing no express terms of limitation, would seem naturally to depend upon the terms of limitation adopted by the statute upon the former provision. Nor is there any inconsistency or impropriety in giving it that restriction, except in the case of there not being *twelve* days between the appointment of the executor or administrator and the term of the court; in which event he could not of course be compelled to appear un-

til one term had intervened. But this is an exception from neces-
ity, and like other exceptions *ex necessitate* from the provisions of
general statutes, is strictly *casus omissus*.   The same would hold
equally well of a possible case under the first clause, where the
executor or administrator, residing in a part of the state remote
from the court in which the suit was pending, and should receive
his appointment but one day before the session. It would be im-
possible he should appear at the *next* term. This must be held as
*casus omissus* or the party is without all possible remedy under the
statute.   In cases of this character, to prevent injustice and avoid
absurdity in the construction of statutes, courts have always felt
at liberty so far to extend the terms of the statute as to include
cases manifestly within the intention of the statute, although not
within its express letter ; and also so to limit and restrict the terms
as to exclude cases which happened to fall within the letter, but
which in no sense came within the true spirit and intention of the
legislature. But courts have for many years been extremely cau-
tious in departing from the fair and rational interpretation of the
words of a statute, out of regard to any supposed spirit or refined
subtilty of metaphysical speculation upon the possible or even
probable intention of the legislature.   No departure is ever al-
lowed except in a case which from necessity could not have been
intended to be included within the comprehension of the statute.

This clearly is not such a case. No good reason can be assign-
ed why the surviving party, wishing to compel the appearance of
the personal representative of the party deceased, should not be
limited "to the next term after the appointment."   The appoint-
ment is always matter of notoriety. It is the business of the party
wishing to compel the appearance, to do it at the first opportunity.
He clearly may do it at the first term after the appointment, ex-
cept in the case mentioned as an exception, and we know of no
sufficient reason for extending the natural signification of the terms
of the statute in this case, so as to permit the party to sue his
*scire facias* at any other term.   No possible argument could be
urged for giving the time a greater extension than *one term* after
the *neglect* of the executor or administrator to appear.   And we
should certainly hesitate in giving it that extension ; but here the
plaintiff asks for an indefinite extension, which is at war with eve-
ry principle of policy or sound construction. There is no sounder
maxim of law or legislation, than *interest reipublicae ut sit finis
litium*, and it is vain to say that the right to sue the *scire facias*,
can be made to depend upon the discretion of the court,

'where the suit is pending, or the time the suit is retained on docket, which is the same thing. There is no power more dangerous or more difficult, than a discretionary power, to be exercised by judicial tribunals. It is one which the legislature would never confer, or the courts assume, except as a matter of strict necessity, which is not this case.

Judgment that the plea in bar is sufficient, and that the judgment of the county court be affirmed.