ADMINISTRATOR OF WENTWORTH *v.* CREDITORS OF WENT-
WORTH.

An administrator or executor cannot be cited in to maintain or defend a suit in which the deceased was a party, if a term of the court has elapsed in which he could have been cited.

When an appeal is taken from the allowance of an administrator's account, and, pending the appeal, the administrator dies, the administrator of the administrator cannot be cited to appear before the court where the appeal was pending, to settle such account.

Everett D. Hall, who was administrator of the estate of Asahel Wentworth, presented his account to the probate court for the district of New Haven, for allowance, on the first Monday of January, 1836, and the probate court made an adjudication thereon, from which Augustus White and Theron Downey, creditors of the estate, appealed to this

court. The appeal was entered at the January term, 1837, and continued. Previous to the eighteenth day of September, 1838, and while said appeal was pending in this court, the said Everett died, and on the same eighteenth day of Sept. 1838, Ira Bushnell, Wheelock H. Hall and Sally A. Hall were appointed administrators of the estate of the said Everett. On the second day of January, 1840, the said creditors of the estate of Wheelock cited the administrators of the estate of said Everett to appear, at the present term of this court, and have the account of their intestate, as administrator of the estate of Wentworth, here adjusted. An administrator *de bonis non* of the estate of Wentworth was appointed on the seventeenth day of December, 1838.

The administrators of the estate of said Everett now move this court to dismiss the citation.

1. Because the said creditors suffered one term of this court to pass, after the appointment of the administrators of the estate of said Everett, without issuing a *scire facias* to them to appear and answer in this suit, and,

2. Because an administrator *de bonis non* of the estate of Wentworth was duly appointed, on the 17th day of December, 1838, who, if any one, should have been cited to appear, in this case, under the sixty second section of the probate act.

*W. P. Briggs and H. Needham,* argued for the administrators, and cited, in support of the motion, *Tyler* v. *Whitney*, 8 Vt. R. 26.

*C. Linsley,* for the creditors.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The decision in the case of *Tyler* v. *Whitney*, 8 Vt. R. 26, shows, that when a term of the court has elapsed after the appointment of an administrator, in which he could have been cited, he cannot, at a subsequent term, be cited in to defend or prosecute a suit pending against his intestate. If the administrator could be cited, in a case like the present, by the provisions of the statute, this proceeding is too late, as the administrators were appointed on the 18th of September, 1838, before the last term of this court.

Unless this process is within the spirit and meaning of the sixty first section of the probate act, I know of no law or

ADDISON,
*January,*
1840.

Administrator
of Wentworth
*v.*
Creditors of
Wentworth.

ADDISON,
Jaunary,
1840.

———————
Administrator
of Wentworth
v.
Creditors of
Wentworth.

practice which warrants it. The administrators of Hall cannot be compelled to setttle the account of Hall, as administrator of Wentworth, in this court, nor can they here continue the suit which was here pending at his death. By his death all the previous proceedings, which were not perfected by a decree, are vacated. The administrators may find it for the interest of the estate to settle the administration account of their intestate in the probate court, or the sureties of Hall may be in danger. But they cannot be compelled to settle it in this court, in the suit depending at his death.

The citation is therefore dismissed, with the cost of this motion.