Treasurer of Vermont *v.* Raymond et al.

·••►⊕◉◑◄••·

TREASURER OF VERMONT *v.* SAMUEL C. RAYMOND AND SAMUEL H. BROWN.

Under the Revised Statutes, when one party to a suit dies, it is within the discretion of the county court to say how long the suit shall be continued to await the appointment of an administrator on his estate; and their decision upon this point cannot be re-examined by the supreme court.

Treasurer of Vermont *v*. Raymond et al.

Where a suit on the official bond of a bank director was commenced in the name of the treasurer of the state, in February, 1842, and made returnable to the June term, 1842, of the county court, and the person on whose complaint the suit was commenced, and whom the treasurer certified to be the prosecutor, died April 2, 1842, and no proceedings for the appointment of an administrator on his estate were instituted in the probate court until November, 1842, and they were then continued to a day past the commencement of the term to which the suit was continued, the county court dismissed the suit at that term, on the ground that there had been an unwarrantable delay in the proceedings; and the supreme court refused to revise their decision.

WILLIAMS, Ch. J., expressed it as his opinion that the death of the prosecutor in such cases, under the present statute, operates, *ipso facto*, a discontinuance of the suit; but the point was left undecided by the court.

DEBT upon a bond executed by the defendants, and conditioned for the faithful performance, by the defendant Raymond, of the duties devolving upon him as a director of the Bank of Bennington.

The writ was dated Feb. 12, 1842, and was made returnable to the June term, 1842, of the county court. Calvin Barker, of Lansingburgh, in the state of New York, the owner of 100 shares of the capital stock of said bank, had given bonds to the treasurer to secure the state against any expense from the suit, and was duly licensed to commence the suit,' and, his name having been indorsed upon the writ as prosecutor, the writ was duly served, and was entered at said June term, and, on suggestion that Barker, the prosecutor, was dead, was continued to the December term of said court.

Barker died April 2, 1842, after the service of the writ, leaving a will, which was duly proved in the state of New York, June 27, 1842; a copy of the will was filed in the probate court for the district of Bennington, Nov. 25, 1842, by the executors, and a hearing ordered by the court to be on the 17th day of December, 1842, of which notice was duly published.

At the December term of the county court, which was holden on the first Tuesday of December, the defendants moved to dismiss said suit. The court decided that the suit was abated by the death of Barker; and, also, " if the court have by law a discretion in the premises, that there had been, in the opinion of the court, an unwarrantable delay in not causing the will to be approved in this state, or an administrator to be appointed;" and dismissed the suit. Exceptions by plaintiff.

*H. Canfield* for plaintiff.

1. The plaintiff contends that the death of Barker could not have the effect, *ipso facto*, to abate the suit.

The bond having been given to the plaintiff to secure the faithful performance by Raymond of his official duty as bank director, it vests in the plaintiff the legal interest. 1 Ch. Pl. 2, 3. The suit, therefore, could only have been brought in his name. Ib. This was done by the treasurer himself, — a duty incumbent on him by the charter,—and not by the prosecutor in the plaintiff's name. Act of incorporation, [St. of 1827,] § 21.* By the charter the bond enures for the benefit of all persons injured by the breach ; consequently the treasurer is made a trustee for the persons injured. *Skinner, Treas'r,* v. *Phillips et al.,* 4 Mass. 68. The lessor of a plaintiff in ejectment dies, but the suit does not abate, because the plaintiff has the legal interest. *Frier* v. *Jackson,* 8 Johns. 495. In this case the beneficial interest of the prosecutor is still in existence, notwithstanding the death of Barker.

---

* This section is as follows: " *It is hereby further enacted,* That each and every of the directors of said bank shall, before he enters upon the duties of his office, give bonds to the treasurer of this state in the sum of eight thousand dollars, with good and sufficient surety or sureties, to the satisfaction of said treasurer, conditioned for the faithful discharge of the duties of his office agreeably to the regulations, requirements, and restrictions of this act; and, on the complaint of any person who has been injured by the misconduct of any director, it shall be the duty of said treasurer to cause said bond to be put in suit, on receiving security to indemnify the state against costs, and to certify to the court who is the prosecutor in such cause ; and said court may, on motion of the defendants in said cause, order the prosecutor to find sureties to indemnify the defendants for their costs, should he fail to prosecute or recover thereon ; and, if the defendants shall plead performance of the conditions of said bond, the prosecutor may reply as many breaches, respecting his interest, as he shall think fit; and the jury, on trial of such issues as shall be put to them, shall assess damages for such breaches as the prosecutor shall prove, and the court shall enter up judgment for the whole penalty of the bond, and issue execution in favor of the prosecutor for such sum as the jury shall have found for damages, and the costs ; and the judgment shall remain for the benefit of such person or persons as may, by a *scire facias* thereon, show that they have been injured by any breaches of the condition of said bond; and, if the prosecutor shall fail to recover in such suit, the court shall award costs to the defendants, and thereof issue execution against such prosecutor."

But, regarding Barker as having the legal interest in the bond, and as the party upon the record, still the cause of action survives. The cause of action is the breach of a personal contract,—the bond, in this view of Barker's interest, being in effect a covenant to pay him all damages sustained by a breach of its condition. 1 Ch. Pl. 12, 57. The form of action is also *ex contractu.* Rev. Stat. c. 48, §§ 9, 17.

2. When the statute has pointed out a mode of proceeding, the court, except, perhaps, in a case of *strict necessity,* have no discretionary power. 3 Ch. Pr. 51, 52. 8 Vt. 26. In this case we have a statute regulating the practice. Whenever the cause of action survives, the suit is to be continued until an executor or administrator is appointed. Rev. St. c. 48, § 20. 8 Vt. 26.

*R. Pierpoint* and *J. S. Robinson* for defendants.

The death of Barker discontinued the suit. It was entered in the county court without authority, and was properly dismissed. The statute contemplates that the treasurer shall be the only plaintiff known in the suit, until the court receives the certificate of the treasurer; then his power and duty end, and the prosecutor is subject to the order of the court requiring him to give security for the costs, and, on the defendant's pleading performance of the condition of the bond, he may assign the breaches, and then, and not till then, he becomes a party to the suit. And, if there is no person in being at the return of the writ, whom the court can require to give security for the costs, or who can reply to the defendant's plea of performance, the suit is discontinued,—for the treasurer has no authority to pursue it.

The proceeding under the statute, enabling the personal representative of the party to appear and prosecute, applies only to cases where, at common law, the suit would *abate.* On the death of Barker this suit would not technically *abate,* from the fact that there is nominally a plaintiff on the record. But it can no further proceed, not on the ground that it abates, but on the ground that no person is in existence, on whose complaint the suit was commenced. Any case of an *official bond* is *casus omissus* in the statute.

2. But, should it be held that the statute applies to cases of this character, it is contended that it is a question addressed to the

sound discretion of the county court, to decide how long the suit should be continued to await the appearance of some person to prosecute. If this be not so, the case may be kept *ad infinitum* upon the docket of the court, by the neglect of those whose duty it is to take out administration.

The opinion of the court was delivered by

WILLIAMS, Ch. J. There are but two questions in this case, the decision of either of which in favor of the defendants is conclusive in the suit.

1. Whether the suit abated and became discontinued on the death of the prosecutor, and 2, if it did not so abate, but survived like other suits between party and party, had the county court any discretionary power to order it discontinued under the circumstances. For if they had this power, the exercise of it is not a subject of error.

The court are prepared at this time to decide the second question, which will render it unnecessary to decide the first.

If the action survives, it must be by virtue of the statute which provides that the executor or administrator may prosecute or defend any action which may have been commenced in the life time of the deceased; and it is claimed, on the part of those who appear in opposition to the defendants, that this suit does survive to the representatives of Mr. Barker, who first made application to the treasurer to have the bond put in suit. The treasurer has no interest whatever in the suit, nor can he prosecute it as trustee for the parties interested; and herein it differs from the suit of *The Treasurer* v. *Phillips*, 4 Mass. 68.

The statute creating the bank of Bennington, section 21, requires that the directors should give bonds to the treasurer of the state, and that, on the complaint of any one who has been injured, &c., it shall be the duty of the treasurer to cause the bond to be put in suit, on receiving security to indemnify the state against cost, and to certify to the court who is prosecutor; and the court may, on motion of the defendant, order the prosecutor to find security to indemnify the defendants for their costs, if he should fail to prosecute or recover thereon.

If we suppose, therefore, that this case can be brought within the

Treasurer of Vermont *v.* Raymond et al.

18th or 19th section of chapter 48 of the Revised Statutes, and that the deceased, Mr. Barker, is to be treated as plaintiff, we think the court, before whom the suit was pending, might determine how long such suit should be continued to await the appointment of an administrator. The provision under our former statute, in cases where an executor or administrator had been appointed, was plain. The executor or administrator must have entered at the next term after his appointment, or have been cited in, in case the surviving party wished to compel him to become a party. *Tyler* v. *Whitney*, 8 Vt. 26. *Wentworth* v. *Wentworth*, 12 Vt. 244. But if no executor or administrator was appointed, the suit was to be continued of course, on the suggestion of the death of the party, until an administrator was appointed. Our present statute does not in terms require that the executor or administrator shall appear, or be cited in, at the next term after his appointment; and whether the decision would be the same as under the former statute, in this particular, is not before us. The provision, in case no executor or administrator is appointed, is similar to the former statute. To me it is very obvious that the legislature never contemplated that a living party should be held to appear in any suit, when the other party was dead, or that a suit should be continued on the docket, except in the case provided, when no executor or administrator was appointed. It may, then, be asked, how long a suit, where one of the original parties is dead, should be continued for the appointment of an administrator? According to the construction contended for in this case, it must be continued an indefinite time,—that is, until an executor or administrator is appointed, if there ever should be one. It is certain that the living party cannot compel or hasten the appointment of an administrator for his deceased opponent.

We apprehend that it is entirely and completely within the discretion of the court, before whom any action is pending, to say how long a suit shall be continued to await the appointment of an administrator;—and it is very apparent that it should be so. The deceased, whether plaintiff or defendant, may have resided out of the state and have no other interest here, the persons interested in his estate may have no desire further to prosecute or defend the suit, and therefore not be disposed to take out letters of administration;

47

and the surviving party cannot take out such letters of administration without incurring an unnecessary, and perhaps undesired, trouble; and, further, it may be asked, what security could he have for cost, if he himself should become plaintiff or defendant, or both? In the case before us, what assurance could the defendants have, that the representatives of Mr. Barker would ever prosecute? Or what security had the defendants that the representatives would ever give security for costs? Or what propriety would there be in keeping a surviving party under the necessity of attending from term to term to know whether any executor or administrator would ever appear to oppose him?—We apprehend, therefore, it was within the discretion of the county court, to decide how long this cause should remain on the docket after the death of the prosecutor, and it being so in their discretion, it is not the province of this court to substitute their own discretion for that of the county court.

Upon reference to the facts it appears to us that this discretion was not unduly or improperly exercised in the present case. The suit was commenced in February, 1842, returnable to June Term 1842. Barker was the prosecutor, and he died April 2, 1842, more than two months before the session of the court. The will was approved in New York, June 27, 1842. No attempt to prove it here, or take out letters of administration, was made until Nov. 25, 1842, when it was presented to the probate office in the district of Bennington, and notice given for all persons to appear, &c., on the 17th of December,—a day after the sitting of the court in December. The legatees, or persons interested in the will, had ample opportunity from April to December to institute such proceedings in this state, as to have a legal representative of Barker appointed, if they were so disposed. The defendants had no security whatever for cost, their property was held in custody by virtue of the attachment, their debtors were sued as trustees in this writ, and the collection of their debts suspended. Mr. Spalding, the treasurer, was not a party;—the original prosecutor, Barker, was deceased;—neither legatees, executors or administrators became parties to the suit, and the learned and able counsel, who have argued this case both here and at the county court, are not the attorneys of any party to the suit;—and of course the discontinuance must have been ordered without any other notice than was had in this case, as there was no party to be

notified. The county court, at which I presided, thought it a proper course to exercise their discretion, and not continue the suit any farther, to see if any executor or administrator would be appointed, or ever farther pursue this suit. I have already observed that the reasons which influenced the county court to exercise their discretion cannot be re-examined here.

Whether the suit did in point of fact survive at all, after the death of Barker, we have not thought it our duty particularly to investigate, and of course it will be considered an open question, whenever a similar case occurs. My own opinion, however, remains unchanged, that it is a case unprovided for by any existing statute, and, being a *casus omissus*, cannot be helped by the court. The provisions of this statute in relation to the bonds of directors are different from all others. No security whatever is given to the defendants for cost, until the suit is entered in court, and the prosecutor, in pursuance of an order of court gives security. The statute contemplates a living prosecutor at all times, upon whom the court can make order for costs, pleading, &c. It does not in terms provide for its surviving, and it appears to me, without some legisislative provision, without which no suit survives the death of a party, this suit was at an end, and could be no further prosecuted, when Barker deceased before the entry of the action.

The judgment of the county court is affirmed, and there is yet no party of whom the defendants can recover their costs.