PHILANDER PERRIN, *Administrator of* LEBBEUS EDGERTON'S ESTATE *v.* E. WELLS GRANGER AND BENJAMIN R. CHEEDLE.

*Associations.   Corporations.   Their power to sell and forfeit the shares of their members.   Validity of tax.*

An association for religious or other purposes, formed under the LXXXV chap. of the Comp. Stat. p. 499, has no authority, simply by virtue of that chapter, to enforce the collection of its taxes or assessments by a forfeiture or sale of the shares of its delinquent members; unless its constitution or by-laws contain a provision to that effect, prescribing the mode of such sale or forfeiture.

A provision in the constitution of an association for the erection and maintenance of a meeting house for religious worship, authorizing the members to tax themselves for the purpose of making repairs to the building, does not authorize a sale or forfeiture of the pews of the delinquent members, by the association, for non-payment of the taxes against them.

If the constitution of an association require a vote of two-thirds of the proprietors present to give validity to a tax, and the records simply state that it was *voted* to lay a tax, the court will not, in an action to test the validity of such tax, assume that it was laid by a two-thirds vote.

CASE for the disturbance of the plaintiff, in the use and occupation of a pew in the Union Meeting House, in Randolph. Plea,

the general issue, with a notice of special matter in defence, to the effect that the defendant Granger, as collector of the association to whom the meeting house belonged, sold the pew to the defendant Cheedle, for the collection of a tax against it, laid by said association. Trial by the court, at the June Term, 1857,—UNDERWOOD, J., presiding.

It appeared on trial, that the plaintiff's intestate died in 1846, seized of the pew in question, that the plaintiff had been appointed administrator upon his estate, and that the administration was not yet closed.

The constitution and book of records of the association were put in evidence, as well as the tax or rate bill, upon which the pew was sold as stated in the defendant's plea and notice. From these records, it appeared that the association was formed in 1836, and that its object was the erection and maintenance of the meeting house in question, as a place of religious worship.

The only article of the constitution material to the questions raised in the case, or in any way providing for a tax by the association, was the eleventh article, which was as follows:

" Said proprietors shall have a right, at a meeting warned for that purpose, notifying the business to be acted upon, to tax themselves, to raise money to repair said house when out of repair; provided that two-thirds of the proprietors present vote in favor."

It appeared from the records, that a meeting of the association was held on the 12th of April, 1853, warned, among other things, for the purpose of seeing if the proprietors would raise money to repair their meeting house, at which it was " voted to tax the owners of the several pews to defray the expenses of said repairs, after applying such subscriptions as may be obtained."

Another meeting was held on the 2d of January, 1854, warned, among other things, for the purpose of raising money to pay all debts against the association, at which the defendant Granger was chosen collector, and it was voted " to raise money, not to exceed one hundred and seventy-five dollars, to pay the debts against the association, and to make further repairs; said tax to be at the disposal of the prudential committee."

The tax bill upon which the sale was made, so far as it related to the pew in question, was as follows:

| Present owner, | Original owner, | Cost, | Tax, |
|---|---|---|---|
| P. Perrin, administrator. | Libbeus Edgerton. | $68. | $5,03, |

And so on through all the proprietors, the whole amount of the tax laid being one hundred and seventy-four dollars and ten cents. Appended to the tax bill was the following certificate, signed by the prudential committee:

" The above is a true bill of seven and four-tenths cents on the dollar, of the original sale of pews in the Union Meeting House in Randolph Centre Village, raised by vote, January 2, 1854."

It also appeared, that after the tax was voted, the defendant Granger, as collector, repeatedly applied to the plaintiff for the payment thereof, and, upon his repeated refusal to pay it, advertised the pew for sale, by posting up a notice to that effect upon the meeting house, more than ten days previous to the sale, stating in the notice the time and place of the sale, and that the pew would be sold to pay the taxes existing against it.

At the appointed time and place, the defendant Granger, attended and sold the pew to the defendant Cheedle, at public auction, for the amount of the tax against it, Cheedle being the highest bidder therefor, and thereupon executed and delivered him a deed thereof, as such collector, in which deed it was stated that the sale was made to pay the tax assessed by the association on the 12th of April, 1853.

It further appeared, that previous to the meeting of the association on April 12th, 1853, the meeting house was injured by fire, so as to be unfit for use until it was repaired; that the tax upon which the pew was sold, was reasonable in amount; that it was laid for the purpose of raising money to repair the meeting house, and that the building was repaired with the money so raised.

The plaintiff claimed that the tax was illegal and void, and that the defendant, Granger, was not justified in selling the pew upon it, but the court decided otherwise, and rendered judgment for the defendants, to which, as well as to the admission of the constitution, records, tax bill and advertisement, above referred to, as evidence, the plaintiff excepted.

*C. W. Clarke* and *P. Perrin*, for the plaintiff.

*Wm. Hebard* and *J. B. Hutchinson*, for the defendants.

The opinion of the court was delivered by

BENNETT, J.   We think the defendants can not succeed in their defence.   It seems that in 1836, an association was formed in Randolph, under the act of 1797, for the purpose of building a meeting house, and that Lebbeus Edgerton, the intestate, was one of the association.   The defence rests upon the ground of a sale of the pew for the non-payment of an assessment or tax upon it, and the legality of the sale is involved in the defence.

On the 12th of April, 1853, the association voted to tax the owners of the several pews, to defray the expense of certain repairs of the house, after applying such subscriptions as might be obtained, and in December of the same year, they passed a further vote to raise money to pay the debts of the association, and make further repairs of the house, and this tax was to be at the disposal of the prudential committee.   The defendants must justify the sale under one of these votes, if at all; but we think they can not succeed with their justification.

There is no power given to make a sale, or a forfeiture of the shares or rights of the pew holders, for the non-payment of assessments, but what emanates from the articles of association.

The statute* simply confers upon the association the power to provide for such sale or forfeiture, and the only article in their constitution, bearing upon this subject, is the 11th.

That article provides that the proprietors may, at a meeting called for that purpose, *tax themselves* to raise money to repair their house when necessary ; but to pass such a vote requires a two-thirds vote of all the proprietors present.   We apprehend this article in the constitution only contemplated a tax personally upon the pew holders.   If its object had been to give a power to assess the pews, they would doubtless have provided a mode for selling or forfeiting them, for the non-payment of assessments.   The statute expressly gives to the association power to provide for such an event. The vote of April 12th, 1853, was to tax the owners of the pews, and not to make an assessment upon the pews themselves, while that of December, of the same year, was simply a vote to raise money, not to exceed one hundred and seventy-five dollars, to pay the debts of the society, and make further repairs of the house.

* Comp. Stat. p. 500, sec. 8, and p. 501, sec. 12.

This vote does not indicate the manner in which the money is to be raised, and neither of the votes appears to have been passed by a two-thirds vote, and that fact we can not assume.

No basis is given in any of the proceedings, for making an assessment on the pews, and none for enforcing a payment by a sale or forfeiture of them.

No question seems to have been made in the county court as to the plaintiff's right, as administrator, to maintain this action, and though it would seem as if he was the only person who could have the right, yet, we do not pass upon this question. We are well satisfied that the justification set up on trial in the county court, was not made, and that there was nothing in the case to justify the sale and the subsequent proceedings, and that there was error in the county court in sustaining them.

Judgment reversed and cause remanded.